UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. JOHN TELFORD,

        Plaintiff,

                                     Case No. 13-11670

vs.

                                     HON. GEORGE CARAM STEEH

ROY ROBERTS, et al.,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS FEES [DOC. 33]

       This matter comes before the court on a renewed motion for attorneys fees filed by defendants on October 14, 2013. The renewed motion follows the dismissal of plaintiff's appeal for want of prosecution by the United States Court of Appeals for the Sixth Circuit. The issues have been briefed by the parties and the court has determined that oral argument will not aid in the determination of the motion. For the reasons more fully explained below, defendants' motion for attorneys fees is DENIED.

       The underlying action arose out of the cancellation of an amended employment contract entered into between the Detroit School Board and Dr. John Telford, making Telford Superintendent of Academics. The contract was terminated by the Detroit Public Schools' Emergency Manager Roy Roberts, pursuant to the authority granted under the Local Financial Stability and Choice Act, 2012 Michigan Public Act 436. Telford asserted this termination of his employment contract violated certain constitutional rights protected under the Contracts Clause, U.S. Const. Art. I, § 10, and the Fourteenth Amendment's Due Process Clause.

The Civil Rights Attorneys' Fees Award Act provides that in a proceeding brought pursuant to 42 U.S.C. § 1983, a district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court has held that "while prevailing plaintiffs are entitled to attorneys fees under that statute in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently." *Smith v. Smythe–Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417–18 (1978)). "[A] prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir.1994) (internal quotation omitted). The Supreme Court has noted, however, that "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421–22 (discussing the attorney fee provision in Title VII, not § 1988; the Sixth Circuit has recognized that "Congress intended that the standards for awarding fees under section 1988 should be the same as those under Title VII and other acts allowing awards of attorneys fees." *Smith*, 754 F.2d at 183).

Plaintiff's lawsuit tested the authority granted to the Emergency Manager under the newly enacted Public Act 436. The court found that the School Board lacked the authority to enter into the amended contract with plaintiff, therefore plaintiff did not have a protected property interest. This finding ultimately undermined plaintiff's constitutional

-2-

challenges to PA 436. However, looking at the case from plaintiff's perspective at the time it was filed, the issues raised by plaintiff were potentially issues of first impression, plausibly requiring judicial resolution.

Defendants are clearly the prevailing party in this case, where the court denied plaintiff's motion for temporary restraining order, granted defendants' motion to dismiss, and entered judgment for defendants. It is true that the court found plaintiff did not have a likelihood of succeeding on the merits of his claims in denying his motion seeking injunctive relief, and ultimately concluding that plaintiff failed to state a claim for relief in granting defendants' motion to dismiss. However, the court cannot conclude that the plaintiff's lawsuit was so factually or legally groundless as to constitute a frivolous lawsuit from the outset. Now, therefore,

Defendants' motion for attorneys fees pursuant to 42 U.S.C. § 1988 is DENIED.

So ordered.

Dated: February 13, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 13, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk